UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER A. DAVIS, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NEW YORK LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 23-cv-02955-AMO <br><br> **ORDER GRANTING MOTION TO TRANSFER** <br><br> Re: Dkt. No. 27 |

Before the Court is Defendant New York Life Insurance Company's ("NYL") motion to transfer. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion for the following reasons.

I.     **BACKGROUND**

Plaintiff Alexander Davis ("Davis") is a resident of Modesto, California. Ex. A, Disability Claim Form (ECF 27-2) at 2.[1] Davis is an orthopedic surgeon who is a policyholder of a Long Term Disability Income Insurance policy issued by NYL. ECF 2-4 ("Compl.") ¶ 9. Davis suffered serious mental health issues, *id.* ¶ 1, and received treatment from two medical practitioners in Modesto, Dr. Peter Hetnal and Isabel Van Sicklen, MFT. Ex. A, Disability Claim Form at 3. He submitted a disability claim to NYL on September 14, 2021, alleging that due to his severe mental health struggles, he has been unable to work. Compl. ¶¶ 2, 21-22.

After submitting his disability claim, Davis began seeing a doctor, Dr. Corwin Brink, in

---

[1] In considering a motion to transfer, the Court may consider evidence outside of the pleadings, and it "draw[s] all reasonable inferences and resolve[s] factual conflicts in favor of the non-moving party." *Hamer v. JP Morgan Chase Long-Term Disability Benefit Plan*, No. 22-CV-06886-LB, 2023 WL 4053801, at *5 (N.D. Cal. June 16, 2023) (citation omitted).

1   Stockton, California. ECF 27-4 at 19, 28, 37. Davis submitted to NYL medical records from
2   these providers. ECF 27-2, Ex. C at 8-23. As part of NYL's investigation into Davis's disability
3   claim, an independent psychiatrist who lives outside of California reviewed the records and
4   determined that Davis was not totally disabled as required by the policy. ECF 27-2, Ex. F. NYL
5   offered Davis the opportunity to attend a virtual Independent Medical Examination ("IME") and
6   when he declined, NYL offered him an in-person IME conducted by a San Francisco-based
7   doctor, Dr. Robert Johnson. Compl. ¶¶ 33-34. Based on the in-person IME, NYL determined that
8   Davis did not meet the policy definition of "covered total disability" and denied his claim on May
9   25, 2022. *Id.* ¶ 38. On September 21, 2022, Davis filed suit against NYL and Dr. Johnson in the
10  Superior Court of California for the County of San Francisco. *See generally* Compl. Davis
11  additionally appealed the claim denial and underwent a second IME on January 23, 2023, with a
12  doctor in Sacramento. ECF 27-2, Ex. D at 28-29, Ex. H. Based on the second IME, NYL
13  approved Davis's claim for disability benefits on February 15, 2023, and paid all benefits due
14  under the policy.[2] *Id.*, Ex. D at 30.

15  Before this case was removed to federal court, the parties litigated transferring the case to
16  Stanislaus County, and on June 13, 2023, the San Francisco Superior Court issued tentative rulings
17  denying NYL's motion to transfer venue and granting Dr. Johnson's motion to transfer venue.
18  ECF 2-7. A few hours later, Davis agreed to voluntarily dismiss Dr. Johnson with prejudice, and
19  Dr. Johnson withdrew his motion to transfer venue to Stanislaus County the following day. ECF
20  2-8. NYL then removed the case to this Court on June 16, 2023. ECF 2. NYL's instant motion to
21  transfer to the Eastern District of California followed.

22  **II.   LEGAL STANDARD**

23  Courts may transfer a case to another district "where it might have been brought" "[f]or the
24  convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The
25  statute requires that courts first determine whether the case could have been brought where the

---

[2] It is unclear what additional relief Davis seeks given that NYL approved his disability benefits as of the date after the 180-day waiting period and has paid him those benefits. ECF 27-2, Ex. D at 30.

2

transfer is sought. *State v. Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054, 1059 (N.D. Cal. 2018). If venue is appropriate in the alternative venue, then the court weighs the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Id.*

In considering whether a transfer of venue is warranted, courts consider several factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014) (in making the determination, a court may consider: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum").

The party seeking transfer bears the burden of showing that "the balance of convenience clearly favors transfer." *Lax*, 65 F. Supp. 3d at 776 (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citation omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *Jones*, 211 F.3d at 498.

### III. DISCUSSION

#### A. Venue in Transferee District

Under 28 U.S.C. § 1404(a), the Court must first determine whether the case could have been brought in the district where transfer is sought, i.e., where venue is proper, before assessing the convenience of parties and witnesses and the interest of justice. 28 U.S.C. § 1404(a); *see*

3

*Bureau of Land Mgmt.*, 286 F.Supp.3d at 1059.

Davis argues that the action could not have originally been brought in the Eastern District of California because when Plaintiff initiated the action in state court, there was no subject matter jurisdiction as the action included a non-diverse defendant, Dr. Johnson. ECF 28 ("Response") at 4-5. This argument is flawed. First, in cases removed based on diversity of citizenship, federal courts look to whether there is diversity at the time of removal, not when the case commenced. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002). At the time of removal, Plaintiff had voluntarily dismissed the non-diverse defendant, resulting in diversity of citizenship. Second, the change of venue statute is concerned with whether the transferee court "would have been a proper venue and [] would have personal jurisdiction over the defendant." Charles Alan Wright & Arthur Miller, 15 Fed. Prac. & Proc. Juris. § 3841 (4th ed.); *see also Hoffman v. Blaski*, 363 U.S. 335 (1960); *Com. Lighting Prod., Inc. v. U.S. Dist. Ct.*, 537 F.2d 1078, 1079 (9th Cir. 1976) (the action "might have been brought" in Michigan if the "'claim arose' in Michigan, within the meaning of 28 U.S.C. s 1391(a), the general venue statute"), not with subject matter jurisdiction.[3] Plaintiff does not contest that venue is proper in the Eastern District of California nor that NYL is subject to personal jurisdiction there. ECF 28 ("Response") at 6; *see* 28 U.S.C. § 1391(b). Accordingly, the Court concludes that this case could have originally been brought in the Eastern District of California and turns to the case-specific analysis of convenience and fairness.

**B. Section 1404(a) Factors**

**1. Plaintiff's Choice of Forum**

Although Plaintiff's choice of forum is generally entitled to deference, "this deference is substantially diminished in several circumstances, including where: (1) the plaintiff's venue choice is not [their] residence; [or] (2) the conduct giving rise to the claims occurred in a different

---

[3] Indeed, Plaintiff's suggestion that the venue statute requires federal subject matter jurisdiction to have been proper within the transferee district when the case commenced does not make sense. It would permit plaintiffs to engage in forum selection and avoid transfer merely by suing a non-diverse defendant whom it later drops from the suit.

4

forum . . ." *Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017 WL 467845, at *6 (N.D. Cal. Feb. 3, 2017) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration.") (citations and quotation marks omitted); *see Easton v. Wells Fargo & Co.*, No. 20-CV-02193-HSG, 2020 WL 3639934, at *3 (N.D. Cal. July 6, 2020).

Here, nearly all conduct relevant to Davis's claims occurred in the Eastern District of California. Davis resides in Modesto, California, which is in the Eastern District of California. He sought treatment from medical professionals also based in Modesto and in Stockton. ECF 27-2, Ex. A at 3, Ex. C. at 19. Though the initial IME was conducted in San Francisco, the second IME – which ultimately led to the approval of the disability claim – was conducted in Sacramento. ECF 27-2, Ex. H at 63. Because Davis resides outside of the Northern District of California and much of the relevant activity occurred outside of Northern District, any deference owed to Clark's choice of venue is substantially diminished. *See Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-05205 YGR, 2014 WL 715082, at *4 (N.D. Cal. Feb. 14, 2014).

### 2. Convenience of the Parties and Witnesses

"The convenience of the witnesses, particularly non-party witnesses, is often the most important factor" in ruling on a motion to transfer venue under § 1404(a). *Grossman v. Johnson & Johnson*, No. 14-CV-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015) (citing cases). However, the "[c]onvenience of a litigant's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue." *Brown v.*, 2014 WL 715082, at *4 (citing cases). To evaluate this factor, "courts must consider not only the number of witnesses, but also the nature and quality of their testimony." *United States ex rel. Tutanes-Luster v. Broker Sols., Inc.*, No. 17-CV-04384-JST, 2019 WL 1024962, at *6 (N.D. Cal. Mar. 4, 2019) (quoting *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009)). When "establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance." *Hendricks v. StarKist Co.*, No. 13-CV-729 YGR, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014) (quoting *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007)).

NYL contends that only one witness, the now-dismissed Dr. Johnson, resides in the Northern District of California. ECF 27 ("Motion") at 13. The remaining witnesses that Davis has identified in his initial disclosures reside in the Eastern District of California or out of state.[4] The following non-party witnesses reside in the Eastern District and may testify and provide information about Davis's past and present medical condition: Dr. Corwin Brink, Dr. Kevin Knobel, Isabel Van Sicklin, Deana Becker, and Dr. Vladimir Bokarius who conducted the IME ultimately approving Davis's disability claim.[5] *Id.* at 7, 13. While many of these witnesses may fall within the subpoena power of the Court, *see* Fed. R. Civ. P. 45(c) (subpoena power limited to within 100 miles of where the person "resides, is employed, or regularly transacts business in person"), the Eastern District is more convenient to these witnesses.[6]

As to the parties' convenience, Davis's convenience is "entitled to lesser weight here because []he chose to sue in a forum where []he does not reside." *See Easton*, 2020 WL 3639934, at *3 (citing cases). Since Davis resides in the Eastern District of California, a transfer there would be more convenient. Davis raises the location of both counsels' offices, Response at 8, however, counsel's convenience is not a relevant factor. *See Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 925 (N.D. Cal. 2015) ("The convenience of counsel is not considered for purposes of deciding whether a venue is convenient for the purposes of § 1404(a)"). NYL's out of state employee witnesses do not weigh in favor or against transfer. Given that many non-party witnesses reside or work in the Eastern District, and that Davis himself resides there, the Court finds that the convenience of the witnesses and parties weighs in favor of transfer.

---

[4] Davis states that he intends to call Dr. Brad Gould, who resides in the Northern District of California, Response at 6, but there is no indication in the records as to the relevance of his testimony or his role in assessing Davis's medical condition.

[5] Davis states that Dr. Bokarius resides in Richmond. Response at 6. Although the office address on the psychiatric evaluation states Richmond, California, Dr. Bokarius explains that he conducted Davis's IME in his Sacramento office. ECF 27-2, Ex. H at 63.

[6] Davis lists a few out-of-state witnesses and notes that these the convenience factor for individuals does not change in the Eastern or Northern District of California. Response at 7-8.

### 3. Neutral Factors

NYL contends that the remaining factors are neutral or slightly favor transfer. Motion at 15-16. Although NYL argues that most of the records are in the Eastern District of California, as electronic records may be accessed easily in either district, this factor is neutral. *See Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1042 (N.D. Cal. 2020). Both districts are equally familiar with California law, so this factor is neutral as well. NYL argues that the relative congestion of the courts supports transfer, stating that this district had more cases pending than the Eastern District, but that the median time from filing to trial was longer in the Eastern District than here. Motion at 15-16. This factor does not weigh strongly in favor or against transfer.

## B. Balancing of Discretionary Factors

Davis's choice of forum, as always, weighs against transfer, but is entitled to little deference because Davis does not reside in the Northern District of California, and the majority of the relevant conduct occurred in Sacramento and Modesto in the Eastern District of California, where Plaintiff resides. The convenience of the parties and witnesses weigh in favor of transfer. The remaining factors are neutral. In its discretion, the Court concludes that transfer is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** NYL's motion to transfer venue. The Clerk is **DIRECTED** to transfer the case to the Central District of California, and to close the case.

**IT IS SO ORDERED.**

Dated: January 9, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**